UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Cause No. 3:11-CR-76(4)-RLM |
| | ) | |
| NOLBERTO ROBLEDO | ) | |

OPINION and ORDER

Nolberto Robledo pleaded guilty to knowingly and intentionally possessing cocaine with the intent to distribute and distribution of cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and (b). In October 2012, the court sentenced Mr. Robledo to seventy months' imprisonment to be followed by three years of supervised release. Mr. Robledo now seeks the return of $143,459 in cash that was seized from the vehicle that he was driving when he was stopped by Indiana State Police on July 10, 2011. He filed a motion for return of property, a motion to set aside judicial forfeiture, and a reply in further support of his motion for return of property. The court asked the government to respond to Mr. Robledo's initial motion, and the government did so, later supplementing its response with further evidence.

In his plea agreement, Mr. Robledo acknowledged the following facts:

I acknowledge that in July 2011, I was hired by a person in California to transport a vehicle and some illegal drugs to Elkhart, Indiana. I drove the vehicle to Indiana and met with a person who had me follow him to a location where I drove the vehicle inside a garage. Once inside, the drugs were removed and cash put into the car to go back to California. I also received some money for driving the drugs out to Indiana. I knew that what I was doing was illegal. The drugs that I actually transported turned out to be cocaine. I

> left the garage area and drove from Elkhart to the South Bend area
> before starting back to California where I intended to turn the car
> over to others. I was stopped by the police and they took the car
> from me. I did make contact with the person who sent me with the
> drugs and let him know the police had taken the vehicle.

(Plea Agreement, Doc. No. 116, 4-5, ¶ 7(h)). Mr. Robledo again confirmed these facts to be true at the change of plea hearing held on July 25, 2012 (Tr. Of Guilty Plea Hr'g, Doc. No. 184, 18-19). In LaPorte, Indiana, an Indiana State Police officer stopped Mr. Robledo who was driving a Nissan Maxima registered to a codefendant. A drug dog alerted positively to the car, and the police seized the car. After obtaining a warrant the next day, the police searched the car and seized $143,459 in cash discovered in a secret compartment.

The original indictment alleged that Mr. Robledo violated 21 U.S.C. § 846, conspiracy to distribute narcotics, 21 U.S.C. § 841(a)(1), possession with intent to distribute and distribution of Schedule I and Schedule II controlled substances (marijuana and cocaine), and 18 U.S.C. § 1952(a)(3), interstate travel in aid of racketeering, and included a forfeiture allegation. The superseding indictment alleged that Mr. Robledo violated the same statutes but didn't include a forfeiture provision. In July 2012, Mr. Robledo pleaded guilty to count 3 of the superseding indictment, possession with intent to distribute and distribution of cocaine. The plea agreement included the following provision regarding forfeiture:

> I agree to hold the United States, its agents and employees
> harmless from any claims whatsoever in connection with the
> seizure or forfeiture of property covered by this agreement; I agree

to forfeit all my interest in any drug related assets that I currently own, have previously owned or over which I currently, or have in the past, exercised control, directly or indirectly, and any property that I have transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of my offense, including but not limited to the following specific property: see **Attachment A** for listing of property in case subject to forfeiture or already has been forfeited.

(Plea Agreement, Doc. No. 116, 5, ¶ 7(j)). Attachment A of the plea agreement included "$143,459 – IN ROBLEDO'S RED MAXIMA" and "2005 RED NISSAN MAXIMA – Vin#IN4BA41E15C849878. REGISTERED TO PEREZ-CARRILLO." At the change of plea hearing, the court confirmed that Mr. Robledo agreed to forfeit certain property – including money.

> THE COURT: Now, as I understand it, the Government has agreed to dismiss Counts 1 and 2 of the superseding indictment and to dismiss the entire original indictment when we get to sentencing, and you've also agreed to forfeit certain property, to the extent it hasn't already been forfeited to the Government, including money and a car.
>     And to the extent you have any interest in the items that are attached to the plea agreement in Attachment A, as I understand it, you're saying the Government can have those, and you'll sign whatever papers have to be signed for the Government to get those things.
>     Do I understand that the same way you do?
>
> MR. ROBLEDO THROUGH INTERPRETER: Yes.

(Tr. Of Guilty Plea Hr'g, Doc. No. 184, 14). The court granted the government's motion to dismiss the remaining counts at sentencing. *See* Doc. No. 146.

Mr. Robledo initially filed a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g) and argues that the $144,000 wasn't contraband as defined by the Federal Rules of Criminal Procedure and

therefore not subject to forfeiture. He then filed a motion to set aside judicial forfeiture pursuant to the Civil Asset Forfeiture Reform Act and argues that he didn't receive notice as required by the statute and the government didn't seek forfeiture before his sentencing or at the time of his sentencing.

Mr. Robledo claims that he didn't receive notice as required by the Civil Asset Forfeiture Reform Act. The government responds that before Mr. Robledo signed the plea agreement, the $144,000 was administratively forfeited by the Drug Enforcement Administration after notice was provided to Mr. Robledo and others. "The federal government is authorized to forfeit 'all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance' as well as 'all proceeds traceable to such an exchange.'" Lobzun v. United States, 422 F.3d 503, 506 (7th Cir. 2005) (quoting 21 U.S.C. § 881(a)(6)). For property valued at $500,000 or less, like the property at issue here, the government must comply with the notice procedures set forth in 19 U.S.C. §§ 1607-1609. Id. The statutes impose two requirements on the government: (1) written notice – that includes notice of the seizure and information on the applicable procedures – must be sent to every party who appears to have an interest in the property; and (2) notice of the seizure and the intent to forfeit the property must be published for at least three weeks in a newspaper of general circulation in the forfeiture proceeding judicial district. Id. If no person – within twenty days from the date of first publication – files a claim asserting an interest in the property

and posts a bond, the property is forfeited and title vests in the United States. Id. at 506-507.

As Mr. Robledo corroborated in his plea agreement, the $144,000 in cash was exchanged for cocaine that was hidden in the car he drove from California to Indiana. Consequently, the money was furnished in, intended to be furnished in, or proceeds traceable to an exchange for a controlled substance, and the government could forfeit the money pursuant to 21 U.S.C. § 881(a)(6). The DEA sent a "Notice of Seizure" to Nolberto Robledo-Martinez that identified the property as $143,459 in U.S. Currency seized in LaPorte, Indiana on July 10, 2011. The notice told the recipient of the procedures for seeking remission or mitigation of the forfeiture and how to contest the forfeiture. The DEA sent the "Notice of Seizure" to Mr. Robledo by certified mail at three addresses and on multiple dates. The government's exhibits reveal that the notice was sent to: c/o William J. Stevens, Mr. Robledo's attorney, on November 10 (returned unsigned) and December 14 (signed by Peggy Stevens) of 2011; Mr. Robledo at the St. Joseph County Jail, Prisoner ID # 11678-027, on July 28 (returned unsigned), September 2 (returned unsigned), September 22 (returned unsigned), and November 10 (signed) of 2011; and Mr. Robledo at the address of his residence in California that he provided to authorities after his arrest on July 28 (signed), September 2 (unsigned), September 22 (unsigned), and November 10 (signed) of 2011. Except for the return receipt signed by Ms. Stevens, the signatures are unintelligible. In all, the notice was received at Mr.

Robledo's attorney's office once, the jail where he was incarcerated once, and his last known residence twice. The DEA report on the $143,459, asset ID 11-DEA-550434, indicates that notice was also published in the *Wall Street Journal* beginning on August 15, 2011. The report calculated the claim deadline to be September 29, 2011 – forty-five days after the first date of publication, which is outside the required twenty-one days of publication, 19 U.S.C. § 1607(a), and days to file a claim, 19 U.S.C. § 1608. No claims were filed, and the property was forfeited to the United States on January 24, 2012. The government seems to have complied with the statutory notice procedures required for the administrative forfeiture of the $144,000.

Mr. Robledo claims the DEA didn't provide him with written notice in either English or Spanish, he didn't sign any notices, he wasn't given paperwork outlining the forfeiture process, and he wasn't sent a copy of the executed declaration of judicial forfeiture. The requisite notice for administrative forfeitures must satisfy the requirements of due process. Lobzun v. United States, 422 F.3d 503, 507 (7th Cir. 2005). Due process requires notice of a proceeding to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. "Absent exceptional circumstances, written notice of forfeiture by certified mail to the claimant's residence satisfies due process, even if the claimant does not receive actual notice." Id. If, however, the individual is incarcerated and the government

knows the individual isn't present at their residential address as a result, written notice sent to the residence alone doesn't satisfy the due process requirement. Krecioch v. United States, 221 F.3d 976, 980-981 (7th Cir. 2000). The government contends, and the record reflects, that the DEA served the written notice of the forfeiture, which included instructions on how to mitigate or challenge the forfeiture, on Mr. Robledo, who was in jail at the time, at his attorney's office, at the jail where he was incarcerated, and at his last known residential address. The notice was received at least once at all three locations, as shown by signed certified mail return receipts, and wasn't only sent to his residential address. The government's efforts to inform Mr. Robledo of the impending forfeiture with written notice were reasonably calculated to apprise him of the action.

Alternatively, Mr. Robledo seeks return of the money pursuant to Federal Rule of Criminal Procedure 41(g), which allows a person aggrieved by an unlawful search and seizure of property or by deprivation of property to move for the property's return. Mr. Robledo contends a motion pursuant to Rule 41(g) is appropriate because the $144,000 wasn't contraband and so wasn't subject to forfeiture under the Federal Rules of Criminal Procedure. When property has been administratively forfeited, the government argues Rule 41(g) is no longer available as a remedy and a person with an interest in the property may only seek a remedy via a civil action under 18 U.S.C. § 983(e)(1).

Rule 41(g) isn't "the proper vehicle for challenging an administrative forfeiture," but is a way to seek recovery of seized but not forfeited property. United States v. Sims, 376 F.3d 705, 708 (7th Cir. 2004). The exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute is a motion filed pursuant to 18 U.S.C § 983(e)(1). 18 U.S.C. § 983(e)(5). A motion to set aside an administrative forfeiture pursuant to 18 U.S.C. § 983(e)(1) may be filed by any person entitled (under the civil forfeiture statute) to written notice of the forfeiture who didn't receive that notice. 18 U.S.C. § 983(e)(1). The motion will be granted if the government knew or should have known of the interest and didn't take reasonable steps to notify the party and the moving party didn't know or have reason to know of the seizure within enough time to file a claim. Id.

As already discussed, the government was authorized to forfeit the $144,000 under 21 U.S.C. § 881(a)(6) as money furnished in, intended to be furnished in, or proceeds traceable to an exchange for a controlled substance. The government then complied with the notice requirements for property valued at $500,000 or less as set forth in 19 U.S.C. §§ 1607-1609. The $144,000 was administratively forfeited on January 24, 2012, and, at that time, a motion pursuant to Rule 41(g) became an inappropriate action to seek return of the funds. Even if construed as a motion to set aside the forfeiture pursuant to 18 U.S.C. § 983(e)(1), Mr. Robledo's motion collapses at the outset. The government took reasonable steps to notify Mr. Robledo of the forfeiture,

and he received notice that complied with due process. Further, the government emphasizes that Mr. Robledo doesn't claim an ownership or possessory interest in the $144,000 – a requirement to be entitled to notice. For all these reasons, Mr. Robledo isn't a person who can successfully challenge the forfeiture under the statute.

Moreover, in his plea agreement, Mr. Robledo agreed to the forfeiture of the $144,000 and the car he was driving when stopped by police. Specifically, the plea agreement states: "I agree to forfeit all my interest in any drug related assets that I currently own, have previously owned or over which I currently, or have in the past, exercised control, directly or indirectly, and any property that I have transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of my offense, including but not limited to . . ." "$143,459 – IN ROBLEDO'S RED MAXIMA" and "2005 RED NISSAN MAXIMA – Vin#IN4BA41E15C849878. REGISTERED TO PEREZ-CARRILLO."[1] (Plea Agreement, Doc. No. 116, 5, ¶ 7(j), Attach. A). He confirmed his consent to the forfeiture at the change of plea hearing. (Tr. Of Guilty Plea Hr'g, Doc. No. 184, 14). The record contradicts Mr. Robledo's assertion that the government didn't seek forfeiture before his sentencing or at the time of sentencing. Ultimately, Mr. Robledo doesn't assert

---

[1] In his reply, Mr. Robledo seeks, for the first time, return of the Nissan Maxima. Similarly, Mr. Robledo doesn't assert an ownership interest in the vehicle, which was registered to a codefendant, and explicitly waived any interest he had in the vehicle in his plea agreement.

an ownership interest in the $144,000 that was administratively forfeited and explicitly waived any interest he had in the property.

For the foregoing reasons, the court DENIES the motion for return of property (Doc. No. 182) and the motion to set aside judicial forfeiture (Doc. No. 197).

To the extent Mr. Robledo attempts to assert claims relating to his guilty plea, a motion for return of property isn't the proper vehicle. So, the court won't consider any such arguments, first raised in his reply to the motion for return of property, to be properly before the court. The clerk of court is directed to send Mr. Robledo a copy of the form for a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.

SO ORDERED.

ENTERED: <u>August 26, 2014</u>


<u>      /s/ Robert L. Miller, Jr.      </u>
Judge
United States District Court